[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2011
JOHN LEY
CLERK

No. 09-16089
Non-Argument Calendar
_____

D. C. Docket No. 08-80725-CV-DTKH

PATRICK MARCELIN,

Plaintiff-Appellant,

versus

CITY OF WEST PALM BEACH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2011)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Patrick Marcelin appeals from the district court's order granting summary

judgment in favor of the City of West Palm Beach ("the City") of his 42 U.S.C. § 1983 claim. He argues that the district court erred in granting summary judgment because a genuine issue of material fact remained as to whether the City violated his procedural due process rights by terminating his employment without giving him adequate notice of the charges against him or a meaningful opportunity to be heard.

**FACTS**

The evidence before the district court at the summary judgment stage, viewed in the light most favorable to Marcelin, reflects the following events.[1] Marcelin was employed as a firefighter with the City's Fire Rescue Department ("Fire Department"). During his employment, he enrolled in school to pursue his Florida paramedic certification, which required him to complete a certain number of hours riding along with licensed paramedics and record those hours in a log ("field ride log").

Upon review of Marcelin's field ride log, the paramedic school contacted Battalion Chief Webb of the Fire Department and expressed suspicion that Marcelin had falsified his logs. Chief Webb and other City officials reviewed the

---

[1] "We review a grant of summary judgment de novo, examining the evidence in the light most favorable to the non-moving party and affirming if 'there is no genuine issue as to any material fact' and 'the movant is entitled to judgment as a matter of law.'" Schwarz v. City of Treasure Island, 544 F.3d 1201, 1211 (11th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).

2

logs and confirmed that they contained inconsistences as to dates and signatures. Because the falsification of a field ride log could constitute a crime under Florida Statutes of falsifying documentation in order to obtain a Florida paramedic certification, the City officials contacted the City's Police Department and the Florida State Attorney's Office. The Police Department initiated a criminal investigation on April 26, 2006.

On May 3, 2006, Assistant Fire Chief Jones held an informal conference to discuss Marcelin's field ride logs. The conference was attended by Marcelin, the Assistant Fire Chief, a human resources representative, and a union representative. During the conference, Marcelin was given the opportunity to explain the apparent irregularities in his time logs. The Fire Department deemed the explanation inadequate, and provided Marcelin at the conclusion of the conference with a formal written notice that the Fire Department had ordered an administrative investigation into the validity of the documentation of his field ride time.

On June 23, 2006, the station captain of the Fire Department ordered Marcelin to report to the police department and provide a statement. At the police station, a detective interviewed Marcelin about his ride logs. According to Marcelin, Chief Webb was present during the interview and involved in the questioning. Marcelin was read his Miranda rights, and subsequently made a

3

sworn statement admitting that he had forged signatures and dates on the field ride logs.[2] That same day, Marcelin was placed on paid administrative leave by the Fire Department pending the conclusion of the administrative investigation.

The Fire Department held several formal hearings to address the falsification of Marcelin's field ride logs, and Marcelin received advance notice of each hearing. First, Marcelin received a notice on July 31, 2006, informing him that there would be a hearing to discuss his logs on August 14, 2006, and that he could be represented by counsel during the hearing if he desired. Marcelin attended the administrative proceeding with counsel. He was informed that he was required to give a statement for administrative purposes, and that refusal to answer questions could result in his termination. He was also informed that no statement made during the administrative proceeding could be used against him in a subsequent criminal proceeding. Marcelin refused to answer any questions at the August 14 hearing.

On August 15, 2006, Marcelin was served with a Notice of Investigation informing him that an additional hearing would be conducted by the Fire Department on August 18, 2006, to inquire about Marcelin's failure to answer questions at the August 14 hearing. At this time, the Fire Department changed

---

[2] He later claimed that he made this statement involuntarily, for fear that refusing to cooperate would cause him to lose his job.

4

Marcelin's status from administrative leave with pay to administrative leave without pay because of his failure to cooperate at the August 14 hearing. Marcelin's counsel announced at the August 18 hearing that Marcelin would not answer any questions. That same day, the Fire Department sent Marcelin by certified mail a Notice of Disciplinary Action stating the grounds for removal from his employment.

On November 6, 2006, Marcelin received notice through his counsel that another set of administrative hearings were scheduled for November 20, 2006 and November 21, 2006. Marcelin's complete administrative file was included with the letter, and Marcelin's counsel confirmed receipt of the notice. On November 16, 2006, Marcelin was also notified by regular mail, certified mail and personal service of a Notice of November 20, 2006 Administrative Proceeding, which reiterated that the hearing related to the validity of his paramedic clinical field ride logs. Marcelin did not attend either hearing.

On December 7, 2006, the City terminated Marcelin's employment. The City stated the following grounds for termination in a Notice of Termination Letter: (1) violation of civil service rules; (2) failure to obey the lawful order of a supervisor; (3) insubordination; and (4) falsification of documents prepared during the course of employment with the City.

## DISCUSSION

Marcelin argues that the City violated his procedural due process rights by terminating his employment without giving him adequate notice of the charges against him or a fair opportunity to be heard. See Harrison v. Wille, 132 F.3d 679, 684 (11th Cir. 1988) (holding that due process requires "some sort of pretermination hearing, which includes notice and an opportunity to be heard"). However, as the record facts demonstrate, Marcelin was given multiple opportunities to tell his side of the story, including four formal administrative hearings.[3] Marcelin cannot rely on his own refusal to participate in these proceedings to argue that he was not given a meaningful opportunity to be heard. See id. ("[Plaintiff's] choice to exercise his Fifth Amendment privileges does not negate the fact that the opportunity existed.").

In addition, the record demonstrates that Marcelin was given sufficient notice of the charges against him to satisfy any due process concerns. On May 3, 2006, over three months before the August 14 hearing and seven months before the

---

[3] Marcelin asserts that these hearings did not provide him a meaningful opportunity to be heard because the Fire Department did not maintain adequate separation between the criminal investigation and the administrative fact-finding. He contends that, because the Fire Department officers who conducted the administrative proceedings were involved in the criminal investigation, they were "neither neutral nor unbiased." However, Marcelin provides no support for the contention that the Fire Department was legally required to turn a blind eye to the ongoing criminal investigation into his field ride logs, nor does he point to any evidence in the record suggesting bias on the part of the Fire Department officers that conducted his administrative hearings.

November hearings, Marcelin confirmed receipt of a notice of investigation informing him that the department would be conducting an investigation into the log of his field ride hours at paramedic school. Marcelin continued to receive notice of the charges against him at every juncture of the administrative proceedings.

Marcelin argues that the notices he received were "vague and woefully deficient of disclosure of the specific matters to be discussed at the hearings." This contention is belied by the record in this case, which demonstrates that each notice gave sufficient details to apprise Marcelin of the circumstances being investigated, the nature of the investigation, and that the investigation could result in adverse action against him. Marcelin and his counsel were also permitted to review all investigation reports.

On this record, we find that Marcelin has failed to establish any genuine issue of material fact concerning his claim that the City failed to provide him with notice and an opportunity to be heard. Accordingly, the district court did not err in granting summary judgment to the City on Marcelin's due process claim.

**AFFIRMED.**